**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NANCY E. FORTNER,

      Plaintiff-Appellant,

v.

JAMES F. RUEGER, Major General;
ARTHUR E. SCHAAF, JR., EDWARD
L. HOLM,

      Defendants,

   and

STATE OF KANSAS,

      Defendant-Appellee.

No. 96-3230

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 94-4208-SAC)**

---

Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C.,Topeka, Kansas,
(W. Thomas Stratton, Jr., Scott & Stratton, Topeka, Kansas, with him on the brief) for
Plaintiff-Appellant.

John M. Cassidy, Assistant Attorney General, Topeka, Kansas, (Carla J. Stovall, Attorney
General with him on the brief) for Defendant-Appellee.

---

Before **LUCERO**, Circuit Judge, **MURPHY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

––––––––––––––––––––

**McWILLIAMS,** Senior Circuit Judge.

––––––––––––––––––––

On September 18, 1990, Nancy Fortner was hired by the Kansas National Guard as a State Resource Protection Officer ("SRPO") to work at Forbes Field in Topeka, Kansas. As such, Ms. Fortner was a state civilian employee. During her employment with the State of Kansas, Ms. Fortner's supervisor was Major Arthur E. Schaaf, Jr., Commander of the Security Police Squadron and Director of Personnel for the 190th Air Refueling Group. Master Sergeant Edward L. Holm, who reported to Major Schaaf, was one of Ms. Fortner's first line supervisors.

In November or December of 1992, Ms. Fortner was on duty at the front gate at Forbes Field when Major Schaaf asked her if anyone had said anything to her about her hair. Ms. Fortner replied "No," but added that if there were regulations regarding hair, she wanted to know about them and would comply with such. On or about January 7, 1993, Major Schaaf issued Security Policy Operations Instruction 125-1 regulating the uniforms and appearance of SRPOs. The last section thereof governed hair styles and set strict standards for both male and female SRPOs. Under this regulation, female hair styles could be no longer than shoulder length and could not exceed five inches of bulk. On April 6, 1993, Major Schaaf called Ms. Fortner into his office and ordered her to put

her hair, which was in a ponytail or pigtail, into a bun. According to Major Schaaf, he explained to Ms. Fortner he was concerned, *inter alia,* that wearing her hair in a ponytail created a security risk because an attacker could gain an advantage by pulling her hair. In response to Major Schaaf's order, Ms. Fortner testified that she advised Major Schaaf she would comply "tomorrow." And that confrontation between Ms. Fortner and Major Schaaf triggered the present controversy.

On June 23, 1993, Ms. Fortner filed a complaint against the State of Kansas with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). Ms. Fortner's complaint alleged discrimination in the enforcement of the regulations governing hair styles for male and female employees, i.e., disparate treatment of the sexes.

Thereafter, according to Ms. Fortner, Major Schaaf retaliated against her for filing charges with the KHRC and the EEOC by creating a hostile work environment and by unfairly disciplining her for her on the job conduct. On March 22, 1994, Ms. Fortner filed a second complaint with the KHRC and the EEOC charging the Adjutant General's office with unjustified acts of retaliation. On April 22, 1994, the KHRC determined that there was "probable cause" for Ms. Fortner's complaint about discriminatory enforcement of the hair style regulation. Following this finding, the KHRC tried to work out an agreement between the parties, which efforts failed. On or about March 7, 1995, Ms. Fortner quit her employment at Forbes Field and stated in a letter to the Kansas Human

Resources Office that she felt she had been "forced to resign."

It was in this setting that Ms. Fortner filed the present action in the United States District Court for the District of Kansas. Named as defendants were the following: (l) the State of Kansas; (2) Major General James F. Rueger, Adjutant General of the Kansas National Guard; (3) Arthur E. Schaaf, Jr.; and (4) Edward L. Holm. At a pre-trial conference, Ms. Fortner voluntarily dismissed all of her claims against Major General Rueger and Major Schaaf. She later voluntarily dismissed all of her claims against Master Sergeant Holm, leaving the State of Kansas as the only defendant. The State then filed a timely answer. Thereafter, discovery ensued, and after completion thereof, the State of Kansas filed a motion for summary judgment. On June 11, 1996, the district court granted the motion for summary judgment and entered judgment in favor of the State of Kansas on all claims. *Fortner v. State of Kansas,* 934 F. Supp. 1252 (D. Kan. 1996). Ms. Fortner appeals the judgment thus entered. We affirm.

By amended complaint and by pre-trial order, Ms. Fortner asserted Title VII claims against the State of Kansas, and others, for disparate treatment, retaliation, sexual harassment resulting in a hostile work environment, and, apparently, for constructive discharge. 42 U.S.C. § 2000e, *et. seq.* As above stated, Ms. Fortner later dismissed with prejudice her claims against all defendants except the State of Kansas. The latter answered the complaint, and, after discovery, moved for summary judgment. As indicated, the district court granted the State of Kansas' motion for summary judgment

and dismissed all of her claims against the State. *Fortner v. State of Kansas,* 934 F. Supp. 1252 (D. Kan. 1996).

The district court's memorandum and order is in commendable detail. Its recital of the "uncontroverted facts" as established through discovery seems to us both fair and accurate. Such being the case, we see no need to reiterate here that which has already been well said by the district court. In short, we are in substantial accord with the reasoning of the district court and the result reached.

We affirm.